IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ROBERT WILSON MORRIS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-293 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of | ) | |
| Social Security | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, U.S. Senior District Judge

## OPINION AND ORDER

I. Synopsis

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") pursuant to the Social Security Act ("Act"). Plaintiff protectively filed his application on November 24, 2010, alleging he was disabled beginning November 12, 2010. ECF No. 7-2, 13. After Plaintiff's application was denied initially, he filed a written request to have his application reviewed by an Administrative Law Judge ("ALJ"). *Id.* On July 24, 2012, Plaintiff testified at a hearing before an ALJ. *Id.* On August 3, 2012, the ALJ found that Plaintiff was not disabled under the Act. *Id.* at 30. After exhausting all administrative remedies, Plaintiff filed this action.

Pending before the Court are cross-motions for summary judgment. ECF Nos. [9] (Plaintiff) and [12] (Defendant). Both parties filed briefs in support of their motions. ECF Nos.

[11] (Plaintiff) and [13] Defendant. Plaintiff also filed a Concise Statement of Material Facts, ECF No. [10] and a Reply Brief, ECF No. [14]. The issues are now ripe for review. After careful consideration of the submissions of the parties, and based on my Opinion as set forth below, I deny Plaintiff's motion and grant Defendant's motion for summary judgment.

II. Legal Analysis

A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "[m]ore than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel*, 995 F. Supp. 549, 552 (E.D. Pa. 1998). While the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See* 5 U.S.C. § 706.

To be eligible for social security benefits, a plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1520. A Claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (Steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (Step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984).

B. Whether the ALJ Erred in his Analysis of Plaintiff's Past Relevant Work

Plaintiff submits that the ALJ erred in his consideration of Plaintiff's past relevant work because his past work was in a sheltered environment. ECF No. 11, 3. Plaintiff claims that the ALJ did not take into account that Plaintiff worked with special accommodation (no lifting) when he relied on the vocational expert's ("VE") testimony that Plaintiff's past work was performed at the sedentary level. *Id.* at 3-4.

At Step 4, an ALJ must determine a claimant's residual functional capacity ("RFC"), 20 C.F.R. § 404.1520(e), and then consider whether the claimant retains the RFC to perform his past relevant work. *Id.* at § 404.1520(a)(4)(iv). Past relevant work is work done by the claimant within the last 15 years, that was substantial gainful activity ("SGA"), and that lasted long enough such that the claimant could learn to do the work. *Id.* at § 404.1560(b)(1). In determining whether a claimant can do his past relevant work, an ALJ must decide whether a person with the claimant's physical and mental limitations "can meet the demands of the claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy." *Id.* at § 404.1560(b)(2); *see also* Soc. Sec. Reg. 82-61 & 82-62. In addition to the medical evidence of record and information provided by the claimant about his past work and the limiting effect of any impairments, an ALJ may also rely on the testimony of a vocational expert ("VE") and job descriptions as found in the *Dictionary of Occupational Titles* ("DOT") to see whether the claimant retains the ability to perform the job as "ordinarily required by employers throughout the national economy." 20 C.F.R. § 404.1560(b)(2); Soc. Sec. Reg. 82-61. *See also Garibay v. Comm'r of Soc. Sec.*, 336 Fed. Appx. 152, 158-60 (3d Cir. 2009) (affirming ALJ determination where substantial evidence supported the finding that claimant could perform past work as generally required by employers throughout the economy). Further, even though a

> former job performed in by the claimant may have involved functional demands and job duties significantly in excess of those generally required for the job by other employers throughout the national economy . . . if the claimant cannot perform the excessive functional demands and/or job duties actually required in the former job but can perform the functional demands and job duties as generally required by employers throughout the economy, the claimant should be found to be 'not disabled.'

Soc. Sec. Reg. 82-61.

Here, the ALJ found that Plaintiff has the RFC to do sedentary work where, *inter alia*, "there would be no overhead work or overhead reaching with his non-dominant right upper extremity." ECF No. 7-2, 21-22. The ALJ explained that this RFC accounts for the back pain and limited mobility related to Plaintiff's spina bifida because, until the month before his disability hearing, Plaintiff managed his pain with over-the counter medication and chiropractor visit. *Id.* at 22. When Plaintiff consulted an orthopedist in June 2012, additional treatment consisted of a muscle relaxant and physical therapy. *Id.* (citing Exhibit 34F). Plaintiff's physical therapist described Plaintiff's restrictions as "mild/moderate." *Id.* The ALJ further noted that such limitations have been bothering Plaintiff his entire life, including when he worked as a dispatcher, and the record contains no evidence showing a "significant change in his condition from prior to or after [Plaintiff] stopped working and his ongoing ability to live relatively independently and perform a range of daily activities." ECF No. 7-2, 23. The ALJ also considered Plaintiff's history of right shoulder pain, his ultimate diagnosis of a torn rotator cuff and AC-degenerative disease, which resulted in surgery in January 2012, followed by physical therapy. *Id.* at 26 (citing Exhibits B15F, B20F, B33F, B34F). The ALJ explained that he did not place limits on Plaintiff's lifting and reaching with his left-side because the record does not address such difficulties, and Plaintiff testified that he is left-hand dominant. *Id.*; *see also* ECF No. 7-3, 40. I find this RFC to be supported by substantial evidence in the record and in line with the Regulations' definition of sedentary level exertion. *See* 20 C.F.R. § 404.1567(a).

The ALJ next found that Plaintiff "is capable of performing past relevant work as a dispatcher [because] this work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565)." ECF 7-2, 28. In comparing Plaintiff's RFC to his past relevant work, the ALJ concluded that Plaintiff is able to

perform his past relevant work as it is actually *and* generally performed. ECF No. 702, 28. The ALJ considered Plaintiff's description of his daily duties as a dispatcher, the VE's testimony regarding Plaintiff's ability to perform dispatcher job duties, and the VE's explanation of dispatcher work as generally performed in the national economy and described in the DOT. *Id.* at 29. The ALJ then explained how and why he relied on the VE's opinion. *Id.* Importantly, the ALJ noted a discrepancy in the VE's opinion that Plaintiff's past work as he actually performed it was sedentary despite the Plaintiff's estimation that he would have to walk for three hours a day—activity that is "more akin to a light exertion position." *Id.* The ALJ explained that he had no reason to discount the VE's reasoning, and regardless, it was of no consequence because he relied on the VE's testimony (with reference to the DOT) that Plaintiff could return to dispatcher work as it was generally performed in the national economy—"at the sedentary level, which involves lifting no more than 10-pounds." *Id.* Because the exertion level of dispatcher work as generally performed aligned with the ALJ's RFC determination restricting Plaintiff to sedentary exertion, the ALJ concluded that Plaintiff could perform his past work and was not disabled. *Id.* I find the ALJ's analysis in line with Social Security Regulation 82-62 and 20 C.F.R. § 404.1560(b)(2).

I find no error in the ALJ's reliance on the VE's testimony that Plaintiff can perform his past work as actually performed. Regardless, Plaintiff's argument that he was only able to perform the work with special accommodation is of no moment because substantial evidence (the VE's testimony which is consistent with the DOT) shows that the dispatcher job, as performed in the national economy, comports with ALJ's RFC determination.

To reiterate, Plaintiff's argument that the ALJ "did not adequately take into account testimony that [Plaintiff's past relevant work] was sheltered work," is misplaced. ECF No. 11, 3.

Plaintiff disregards the organized reasoning put forth by the ALJ which carefully followed the sequential analysis established by the Commissioner for evaluating whether Plaintiff can perform the work he has done in the past. First the ALJ determined Plaintiff's RFC, then, he compared Plaintiff's RFC with the physical and mental demands of Plaintiff's past work. Substantial evidence of Plaintiff's impairments since his alleged disability onset date (beginning November 12, 2010) supports the ALJ's RFC restricting Plaintiff to sedentary exertion. In so doing, the ALJ discussed whether Plaintiff had similar limitations while he was doing substantial gainful employment and prior to his alleged disability onset date to see whether "the nature and frequency of his treatment [changed significantly] after his alleged disability onset date to establish a change in his level of functioning that would establish he is now incapable of performing similarly." ECF No. 7-2, 28. Ultimately, the ALJ concluded that the records documenting Plaintiff's treatment since his alleged disability onset "including his shoulder issues and his seeking orthopedic treatment for back issues in June 2012, are not persuasive in establishing a more restrictive finding than adopted here." *Id.* I find this to be supported by substantial evidence. Moreover, the testimony of the VE, as cited by the ALJ, is substantial evidence that Plaintiff's past work as a dispatcher is performed at the sedentary exertion level in the national economy. *Id.* at 28-29. Thus, substantial evidence supports the ALJ's conclusion that Plaintiff is capable of working as a dispatcher as it is "generally required by employers throughout the economy." Soc. Sec. Reg. 82-61. Accordingly, it is immaterial that Plaintiff is not capable of performing the excessive functional demands (of lifting) that would have been required by his former employer but for the special accommodation. On this point, I affirm.

   C. Whether the ALJ Erred in Finding Plaintiff Did not Met or Equal Listing 1.04

Plaintiff also argues that remand is necessary because the ALJ did not explain why Plaintiff's impairments do not meet or equal listing 1.04(c) and neglected to consider Dr. Thomas' June 2012 report recommending that the listing was met. ECF No. 11, 7-10.

At step three of the sequential evaluation proscribed by the Commissioner, an ALJ must determine whether a claimant's impairments meet or medically equal an impairment listed at 20 C.F.R pt. 404, subpt. P, app. 1. It is the ALJ's duty to identify the listed impairments found in 20 C.F.R. Part 404, Subpt. P, Appx. 1, relevant to a claimant's impairments and a claimant's burden to show that his impairment meets or equals a listed impairment. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d at 119-20 n.2; 20 C.F.R. § 404.1520(a)(4)(iii). The ALJ must then explain why the potentially applicable listings are or are not met or equaled. *Burnett*, 220 F.3d at 119-20 n.2. If a claimant meets a listing's criteria, he is considered *per se* disabled. *Santise v. Schweiker*, 676 F.2d 925, 927 (3d Cir. 1992).

Listing 1.04(c) addresses spine disorders "resulting in compromise of a nerve root (including the cauda equine) or the spinal cord with lumbar spinal stenosis resulting in psedoclaudicaiton, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b." 20 C.F.R. pt. 404, Subpt. P, Appx. 1, Listing 1.04(c). Because I see no evidence in the record that Plaintiff has an inability to ambulate effectively, as required under Listing 1.04, I find substantial evidence supports the ALJ's conclusion that Plaintiff "is described as ambulatory throughout the record." *Id.*; *see* 20 C.F.R. Part 404, Subpart P, Appx. 1, Listing 1.00(b)(1)-(2) (defining inability to ambulate—it is generally defined as the inability to walk without the use of a hand-held assistive device that limits the functioning of both upper extremities); *see e.g.,* ECF No. 7-12, 3 (Dr. Gibbs-McElvy's physical examination

showed that Plaintiff "ambulates into the room without assistive device, with a normal gait pattern"); 7-14, 5 & 7 (in May and November 2011, Dr. Antalis reported Plaintiff walked on "a fairly regular basis"); ECF No. 7-13, 62 (Dr. Meditch, Plaintiff's primary care physician, reported Plaintiff had "no trouble with walking"); ECF No. 7-14, 58 (on June 12, 2012 Dr. Duke Thomas's reported a history of decreased walking distances and during his examination observed that Plaintiff's bilateral lower extremities were "NVI" (neurologically and vascularly intact), that he had "5/5 strength throughout," but "pain lower lumbar portion of the back into the bilateral legs" for which he ordered an MRI and wrote him a prescription for Flexeril); ECF No. 7-14, 66 (on June 27, 2012, physical therapist Dr. Derek Thomas reported Plaintiff historically had difficulty ambulating community distance and Dr. Thomas' examination revealed that Plaintiff "is ambulatory independently and without assisted device").

Moreover, the ALJ fully explained his consideration of Plaintiff's "spina bifida, back and shoulder issues under the Listings of Section 1.00, Musculoskeltal [sic] System." ECF No. 7-2, 20-21. In considering the Listings of Section 1.00, as Plaintiff contends, the ALJ did not state whether he considered the reports of Dr. Duke Thomas, MD at Exhibit B33F [ECF No. 58]. ECF No. 11, 7. However, in my review, the standard is not whether there is substantial evidence to establish the Plaintiff's position but, rather, whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). Here, I find that the ALJ provided a reasoned explanation for why the Listings of Section 1.00 were not met or equaled. *See* ECF No. 7-2, 21. The ALJ explained why he did not give the opinion of Dr. Borgese, who recommended that Plaintiff met listings 1.04A and 4.04(C)(1)(b) & (2), great weight. *Id.* The ALJ reasoned that "the claimant has had spina bifida since birth, he was able to work with it his entire life, and he is described as ambulatory throughout the record." *Id.* at 21. The ALJ further

explained that the record, longitudinally, shows that Plaintiff was able to address his pain through chiropractic care and Plaintiff did not seek more significant treatment until a month before his disability hearing. *Id.* He also dismissed Dr. Borgese's reliance on the state agency consultative exam for relying on the Plaintiff's subjective allegations and only taking into account the positive results of straight leg raise testing from a lying position, when other tests from a sitting position were negative. *Id.* I find substantial evidence in the record supports the ALJ's conclusion that the Listings of Section 1.00 were not met or equaled. Accordingly, remand is not warranted on this issue.

III. Conclusion

Based on the evidence of record and the briefs filed in support thereof, I find there is substantial evidence to support the ALJ's conclusion that Plaintiff is not disabled within the meaning of the Social Security Act. As a result, I deny Plaintiff's motion for summary judgment, and I grant Defendant's motion for summary judgment.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT WILSON MORRIS,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of<br>Social Security<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 14-293<br>)<br>)<br>)<br>)<br>)<br>) |

AMBROSE, U.S. Senior District Judge

## **ORDER**

AND NOW, this 22nd day of January, 2015, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is Ordered that Plaintiff's Motion for Summary Judgment (ECF No. [9]) is DENIED and Defendant's Motion for Summary Judgment (ECF No. [12]) is GRANTED.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Senior U.S. District Court Judge